IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| DWAYNE HILL, ) | |
| ) | |
| Plaintiff ) | 1:24-CV-00252-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| WARDEN RANDY IRWIN, CORRECTION ) | |
| OFFICER S.L. CUSTOR, CORRECTION ) | MEMORANDUM OPINION ON |
| OFFICER JOHN DOE, CORRECTION ) | DEFENDANTS' MOTION FOR SUMMARY |
| OFFICER JOHN DOE, INDIVIDUALLY ) | JUDGMENT AND PARTIAL MOTION TO |
| AND IN THEIR OFFICIAL CAPACITIES, ) | DISMISS |
| ) | |
| Defendants ) | |
| ) | RE: ECF NOS. 19, 35 |

Defendants have two dispositive motions pending before the Court: a motion for summary judgment under Fed. R. Civ. P. 56 raising the affirmative defense of Plaintiff's failure to exhaust his administrative remedies, ECF No. 19, and a separate motion under Fed. R. Civ. P. 12(b)(6) to dismiss all claims against them in their official capacities and all claims against Defendant Irwin. *See* ECF No. 35. For the following reasons, Defendants' motion for summary judgment will be denied and Defendants' motion to dismiss will be granted in part and denied as moot in part.[1]

I.  Relevant Procedural History

Plaintiff Dwayne Hill ("Hill") commenced this action pro se against four individuals employed by the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution in Forest County ("SCI-Forest"), where he served a portion of his sentence of incarceration.[2] The Defendants are SCI-Forest Superintendent Irwin, Correctional Officer Custor,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Hill was an inmate at SCI-Forest during the events relevant to this action. He remains in the custody of the DOC but is currently housed at the State Correctional Institution in Somerset County.

and two "John Doe" correctional officer Defendants. Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim and, alternatively, for summary judgment based on Hill's failure to exhaust administrative remedies. ECF No. 19. Hill then moved for and was granted leave to file an Amended Complaint (ECF Nos. 31, 32). Hill's Amended Complaint is the operative pleading presently before the Court. *See* ECF No. 34. Based on the filing of the Amended Complaint, the Court dismissed Defendants' motion to dismiss the original Complaint as moot but permitted Defendants' motion for summary judgment to remain pending. ECF No. 33. Defendants then filed their pending partial motion to dismiss certain claims of the Amended Complaint. ECF No. 35.

Both pending motions are ripe for decision. *See* ECF No. 20 (Defendants' brief in support of motion for summary judgment); ECF No. 21 (Defendants' concise statement of material facts); ECF No. 22 (Defendants' Appendix); ECF No. 36 (Defendants' brief in support of motion to dismiss); ECF No. 38 (Plaintiff's brief in opposition); ECF No. 40 (Plaintiff's responsive concise statement of materials facts); ECF No. 39 (Plaintiff's Declaration); ECF No. 41 (Plaintiff's Appendix).

II.   Standard of Review

   A.   Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). In deciding the motion, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual

allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Hill is proceeding *pro se*, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his pro se pleading to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552,

3

555 (3d Cir. 1969).

      B.  Motion for Summary Judgment under Rule 56

Federal Rule of Civil Procedure 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff

is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ..." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). Put another way, *pro se* status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id*. (quoting *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v. Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

  III.  Material Facts and Claims

   A.  Allegations of Fact

For purposes of Defendants' motion to dismiss only, the Court accepts as true the following factual allegations of the Amended Complaint. On March 31, 2023, Hill filed a grievance against Defendant Custor for assault and battery and requested to be separated from him for fear of abuse and retaliation. ECF No. 34, ¶ 11.[3] On July 1, 2023, Hill wrote a request to staff to Defendant Irwin requesting that he be moved or separated from Custor due to allegedly receiving threats from Custor. On July 7, 2023, between approximately 2:30 p.m. to 3:30 p.m., Hill was escorted from his cell in the K Unit, B Pod, Cell 5 to the upstairs shower. Custor and the two John Doe Defendants waited to escort Hill back to his cell from the shower. Hill placed his hand outside of the shower wicket to be placed in handcuffs when Custor grabbed Hill's lower arm and twisted and pushed it up against the shower door. Hill asked Custor "What are you doing?!" *Id*. ¶ 17. Custor opened the shower door and replied, "I thought you was trying to push me off the top tier". *Id*. ¶ 18. Hill asserts that it would be physically impossible to push Custor off the tier with one

---

[3] The relevant factual allegations are set out in paragraphs 11-23 of Hill's Amended Complaint (ECF No. 34). Citations to the pleading are omitted except for quoted allegations.

5

hand behind a closed and locked door. John Doe #1 allegedly laughed and responded that "he had you in a death lock, didn't he?!" *Id*. ¶ 20.

### B. Claims

Hill asserts the following claims against the four Defendants:

1. An Eighth Amendment excessive force claim against Custor for twisting and slamming Hill's arm against the shower door;

2. An Eighth Amendment failure to protect claim against Defendant John Doe #1 and Defendant John Doe #2 for failing to prevent or intervene in the assault; and

3. An Eighth Amendment failure to protect claim against Defendant Irwin for failure to file a separation order between Hill and Custor.

## IV. Discussion

### A. Defendants' Motion for Summary Judgment asserting failure to exhaust administrative remedies will be denied without prejudice.

The Prison Litigation Reform Act ("PLRA") requires incarcerated individuals to exhaust any prison administrative remedies available to them before they may commence a lawsuit challenging the conditions of their confinement. *See* 42 U.S.C. § 1997e(a). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason ... it constitutes a 'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013)) (internal quotations omitted). Because exhaustion is a threshold issue, the Court will address Defendants' motion for summary judgment before reaching their motion to dismiss attacking the merits of Hill's claims.

The PLRA's exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion under the PLRA requires that an inmate "complete the administrative review

process in accordance with the applicable procedural rules." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Individual prisons provide these procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004) (determining whether "a prisoner has 'properly' exhausted a claim ... is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances").

The DOC's general grievance process is set forth in policy DC-ADM § 804, which "provides a general, though rigorous, mechanism for inmate grievances." *Moore v. Lamas*, 2023 WL 371397, at *2 (3d Cir. Jan. 24, 2023). It specifies a three-stage process that inmates must follow to exhaust their administrative remedies. First, "within 15 working days after the event upon which the claim is based," the prisoner must submit a written grievance for review by the Facility Grievance Coordinator ("FGC") or the FGC's designee using the DOC's DC-804, Part 1 form. DC-ADM 804, § 1.A.8. The FGC/designee must provide an initial review response to the grievance to the inmate "within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System." *Id.* at § 1.C.5.g. Second, if the FGC/designee has rejected the grievance or the inmate is otherwise dissatisfied with the initial review response, the inmate may appeal to the prison's Facility Manager ("FM")/designee "within 15 working days from the date" the inmate receives "the initial review response/rejection." *Id.* at § 2.A.1.a, b. The FM/designee must then notify the inmate in writing "of his/her decision within 15 working days of receiving the appeal." *Id.* at § 2.A.2.d. Finally, "[a]ny inmate who is dissatisfied with the disposition of an appeal from the [FM]/designee may submit an Inmate Appeal to Final Review" to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") "within 15 working days from the date of the [FM]/designee's decision." *Id.* at § 2.B.1.b. "Only issues raised in the initial

grievance and/or appealed to the [FM] may be appealed to Final Review." *Id.* "The SOIGA will ensure that ... an appeal to final review is responded to within 30 working days of receipt unless otherwise extended and/or referred." *Id.* at § 2.B.2.a; *See also Tierno v. Oberlander*, 2024 WL 1556936, at *6 (W.D. Pa. Apr. 10, 2024).

Once a defendant has made a threshold showing of the plaintiff's failure to exhaust, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268. But the defendant's threshold showing includes demonstrating prison officials' compliance with their procedural obligations under DC-ADM § 804. *See Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019) (noting that "what is good for the goose is good for the gander" regarding compliance with DC-ADM § 804). Prison officials must adhere to the deadlines and other requirements of their grievance policies if they wish to raise exhaustion as an affirmative defense. *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020); *see also Glenn v. Lundy*, 2024 WL 2943761, at *5 (E.D. Pa. June 11, 2024); *Betancourth v. Knorr*, 2024 WL 3330567 at *3 (M.D. Pa. July 8, 2024). When prison officials fail to respond to a properly filed grievance within prescribed time limits, any further administrative remedies are deemed "unavailable," and the inmate is deemed to have exhausted his available administrative remedies within the meaning of the PLRA. *Shifflett*, 934 F.3d at 365 (holding "that as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement") (citing *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148 (3d Cir. 2016)); *see also Betancourth*, 2024 WL 3330567 at *3 (citing *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (holding that "prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired").

As noted, a prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi*, 904 F.3d at 268 (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is therefore excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id*. at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)).

Here, the record before the Court establishes that Hill submitted two grievances related to the alleged use of excessive force by Defendant Custor: Grievance No. 1026803 and Grievance No. 1043004. These grievances each received an initial review response. Defendants assert that Hill failed to exhaust his claims because he did not appeal the denial of his grievances to SOIGA. In support, they have submitted declarations from Grievance Officer Michael Bell and Administrative Officer Theresa Biel, as well as a table of Hill's grievance history documenting that Grievance Nos. 1026803 and 1043004 were not appealed to SOIGA. In his responsive concise statement of material facts and declaration, however, Hill asserts that he filed an appeal to the Superintendent at SCI-Forest, Defendant Irwin, but that Irwin "refuse[d] to respond to the Plaintiff['s] appeal in an attempt to hinder him from seeking relief through the grievance system." ECF No. 40, p. 3. Hill has produced inmate request to staff records inquiring why his appeals from several grievances, including Grievance No. 1026803, had not received responses. *See* ECF No 41, *generally*. The Defendants have not supplied copies of the relevant grievances or responses

9

or any other records to support their timely response to Hill's initial appeal from the denial of his grievances.

Hill has properly raised and supported issues of fact regarding Defendants' compliance with its own grievance system as well as possible "unavailability" of administrative remedies. Defendants have not demonstrated the absence of a genuine dispute as to these issues. The Court will therefore deny Defendants' motion for summary judgment based on failure to exhaust administrative remedies and turn to the merits of their partial motion to dismiss.

B. Hill's failure to protect claim against Irwin will be dismissed.

The Amended Complaint asserts an Eighth Amendment "failure to act/failure to protect claim" against Irwin. *See* ECF No. 34, ¶¶ 20-23. Hill alleges that Irwin "exercised deliberate indifference" by "failing to protect him from prison assault even though he [had] been informed of a threat to Plaintiff's health and safety." *Id.* ¶ 20. Defendants properly challenge the sufficiency of the facts alleged to support this or any other claim against Irwin.[4]

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must allege facts that plausibly support "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). "[I]t is not enough for a plaintiff to argue that the

---

[4] The Defendants also argue that all claims against them in their official capacities should be dismissed. *See* ECF No. 36, p. 6. The Amended Complaint, however, expressly states that Hill is suing each Defendant only in his individual capacity. *See* ECF No. 34 ¶ 8. Accordingly, the Defendants' challenge to official capacity claims is moot.

constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Actual knowledge or awareness of a substantial risk to an inmate's safety is required and can be proven "in the usual ways, including inference from circumstantial evidence." *Id*. (quoting *Farmer*, 511 U.S. at 842).

The Amended Complaint does not allege facts to support that Irwin was aware of or disregarded a substantial risk to Hill's safety. His conclusory allegations of risk and knowledge are insufficient. Absent facts to support an actual, preexisting risk to Hill's safety and Irwin's knowledge and disregard of that risk, Hill's assertion that Irwin failed to impose a separation order as to Custor similarly fails to support a failure to protect claim. Accordingly, Hill's failure to protect claim against Irwin will be dismissed.

V. Conclusion

For the foregoing reasons, the Court will enter Orders:

(1) denying without prejudice Defendants' Motion for Summary Judgment raising the affirmative defense of Plaintiff's failure to exhaust administrative remedies;

(2) denying as moot Defendants' partial Motion to Dismiss as to Plaintiff's official capacity claims; and

(3) granting Defendants' partial Motion to Dismiss as to Plaintiff's failure to protect claim against Defendant Irwin. This claim will be dismissed without prejudice and with Plaintiff permitted leave to amend.

Defendants' motion does not challenge the legal sufficiency of Hill's excessive force claim against Defendant Custor or his failure to protect claims against Defendant John Doe #1 and Defendant John Doe #2. These claims will proceed.

DATED this 15th day of December 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE